**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CONRAAD L. HOEVER,**

    **Plaintiff,**

**vs.**                                            **Case No. 4:13cv372-WS/CAS**

**P. BELLELIS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this civil rights action by filing a complaint on June 26, 2013, pursuant to 42 U.S.C. § 1983. Doc. 1. In a separate order entered this day, service of the complaint has been directed.

This Report and Recommendation is entered concerning Plaintiff's motion for a preliminary injunction and temporary restraining order. Doc. 12. The motion makes conclusory assertions on each of the standards used to rule on such a motion, but does not present any specific facts. Moreover, Plaintiff does not explain or state how any named Defendant, in particular, took any action which forms the basis of the motion. In a case with seven Defendants, Plaintiff must be specific in asserting when, how, and where he suffered harassment, retaliation, or threats. Conclusory allegations without

supporting factual allegations do not demonstrate an entitlement to a temporary restraining order or preliminary injunction.

Rule 65(d), which governs motions for a temporary restraining order and for a preliminary injunction, provides *inter alia*: "Every order granting an injunction and every restraining order . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." FED. R. CIV. P. 65(d). "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted). This court must have jurisdiction over a party to adjudicate a claim and jurisdiction is not demonstrated when Plaintiff fails to identify a person responsible for alleged retaliation or harassment.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Preliminary injunctive relief may be granted only if the moving party establishes:

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury unless the injunction issues;

    (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson County, 720 F.2d at 1519, citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Plaintiff has not carried his burden. His conclusory allegations are insufficient to demonstrate a need for an injunction, and his failure to show any involvement by Defendants is insufficient to show that an injunction would be proper under Rule 65(d). The instant motion should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction and temporary restraining order, doc. 12, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 4, 2013.

 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**